## Brown's License

*Murray Mackson*, for Commonwealth.

*Carl A. Niehoff*, for defendant.

HEIMBACH, P. J., July 14, 1966.—On January 21, 1966, and on June 17, 1966, Elmer J. Brown, hereinafter referred to as appellant, was given a routine examination to determine his competency as a motor vehicle operator.

The January 21, 1966, examining State policeman returned a finding of incompetency to operate a motor vehicle because:

(1) He failed to answer four motor vehicle operating questions correctly;

(2) He committed the following vehicle code offenses:

(a) he failed to come to a complete stop before entering an intersection on two occasions;

(b) he made a turn to the right from the extreme left side of his proper lane, and a turn to the left from the extreme right side of his proper lane.

For the above reasons, the Secretary of Revenue found appellant incompetent and suspended his operating privileges.

Appellant was granted a competency reexamination, and on June 17, 1966, was tested. The then-examining State policeman returned as his findings that appellant was incompetent for the following reasons:

(1) He struck a curb in making a right turn;

(2) He failed to stop before entering an intersection at a point where he could see oncoming traffic;

(3) He failed to park properly;

(4) He turned around without looking for oncoming traffic.

Upon these findings, the Secretary of Revenue again ordered appellant's license suspended for incompetency.

## DISCUSSION

The instant proceedings are covered by section 618(a)(1) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618(a)(1), which provides that whenever the secretary finds upon sufficient evidence that a licensee is incompetent to operate a motor vehicle or is afflicted with mental or physical disabilities rendering it unsafe for such person to operate a motor vehicle, his operating privilege may be suspended.

Admittedly, appellant suffers no mental or physical disabilities, and on the reexamination answered all questions asked on The Vehicle Code correctly. The secretary's action, therefore, must be predicated on The Vehicle Code violations committed during the examinations.

Both examining officers testified that:

(a) Appellant's actions in operating the vehicle were not reckless.

(b) At the time he committed all violations noted, with the exception of turning around, no other traffic was in sight.

(c) Although he did not come to a complete stop before entering the intersection, he did slow down and look for traffic.

(d) The parking offense noted was parking approximately 30 inches from the curb, instead of alongside the curb.

It is conceded that appellant passed all but four out of the 22 selected factors for failing the examination. The reexamination report follows:

---

"Grounds for Immediate Failure:

| | | | | |
|---|---|---|---|---|
| "1. Accident | ☐ | "5. Dangerously Inexperi- | | |
| "2. Dangerous Action | ☐ | · enced | | ☐ |
| "3. Traffic Law Violation | ☐ | "6. Unable to Start Car | | ☐ |
| "4. Lack of Cooperation | ☐ | "7. .................. | | ☐ |
| | | "8. .................. | | ☐ |

"Contributing Factors for Failure, If Unsatisfactory:

| | | | | |
|---|---|---|---|---|
| "9. Starting | ☐ | "17. Starting and Stopping | | |
| "10. Stopping | ☐ | on Hill | | ☐ |
| "11. Turning | Right ☒ | "18. Speed Control Accord- | | |
| "12. Backing | ☐ | ing to Conditions | | ☐ |
| "13. Parking | ☒ | "19. Smooth Driving | | ☐ |
| "14. Turn by Backing | ☐ | "20. Attention | | ☐. |
| "15. Intersections and Signs | ☒ | "21. Attitude Toward Others | | ☐ |
| "16: Passing and Being Passed | ☒ | "22. Serpentine Steering Course | | ☐ |
| | | "23. ................" | | ☐ |

---

Appellant denied that he failed to look for oncoming traffic before turning around, but did admit his other failings as testified to by the officers. He attributed such failings to his attention being directed to the questions then being propounded by the officers covering the provisions of The Vehicle Code.

On the credit side, petitioner has never been arrested for a motor vehicle violation, notwithstanding having

been a licensed operator since 1918, with better than a half million miles to his credit. Likewise, during the entire time he has had a minimal number of accidents, none of which were of a serious nature.

It is our considered opinion, and we find as a fact, that appellant, instead of failing the so-called competency test, actually passed it. The offenses committed by appellant under the stress of an examination given by a uniformed police officer are easily understandable.

We, in deciding on the merits of this case, have neither followed nor rejected the opinion of Judge Gates in Commonwealth, Dept. of Revenue, v. Sechrist, 9 Lebanon 271, who holds that incompetence, as referred to in section 618(a)(1) of The Vehicle Code, refers to mental or physical conditions which render the operator's driving of a vehicle unsafe and not to operating incompetency.

Wherefore, we enter the following

ORDER

Now, July 14, 1966, the appeal of Elmer J. Brown is sustained, and the action of the Secretary of Revenue in suspending his license is set aside. Costs on appellant.